UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-MC-60111-SINGHAL/STRAUSS

**OJ COMMERCE, LLC,**

      Plaintiff,

v.

**TRAFFIC TECH INC.,**

      Defendant.
_____/

## ORDER

**THIS MATTER** came before the Court upon Plaintiff's Expedited Motion to Compel ("Motion"). [DE 1]. This case has been referred to me, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for disposition of all non-dispositive motions and report and recommendation on dispositive motions. [DE 8]. I have reviewed the Motion, the subpoenaed party Datex Inc.'s ("Datex") Response [DE 12], and Plaintiff's Reply.[1] For the reasons stated below, the Motion is **DENIED**.

---

[1] Defendant filed a Response to the Motion, but I will not consider it because Defendant does not have standing to challenge the non-party subpoena. *See Mt. Hawley Ins. Co. v. Plymouth Plaza, LLC*, No. 0:22-CV-62333, 2023 WL 8678893, at *1 (S.D. Fla. Nov. 6, 2023) ("Defendant does not have standing to challenge the non-party subpoenas on the basis of irrelevancy under Federal Rule of Civil Procedure 45(d)(3) . . . ."). Though Defendant "does have standing to move for a protective order under Rule 26(c)(1) to challenge the relevancy of information sought by the non-party subpoenas," *id.*, Defendant is not challenging the non-party subpoena through a relevancy argument. Instead, Defendant's Response argues that the non-party subpoena is procedurally deficient in that it seeks documents that are not located within 100 miles of where the non-party regularly transacts business and failed to allow the non-party a reasonable time to comply. Additionally, Plaintiff's Reply runs afoul of this Court's previous order stating that Plaintiff may file a reply "of no more than four pages." [DE 9]. Plaintiff's Reply is double that amount, approaching almost nine pages. Because the Motion is due to be denied regardless of Plaintiff's arguments contained within its Reply, it is not necessary to strike the Reply for failing to comply with the Court's previous order.

1

The underlying action between Plaintiff and Defendant is currently pending in the United States District Court of the Central District of California. *Id.* at 1. On December 30, 2024, Plaintiff served Datex with a non-party subpoena. [DE 1–9]. The subpoena commanded Datex to produce a host of documents to Plaintiff's attorney's place of business in Miramar, Florida by January 6, 2025, at 12:00 P.M. [DE 1–8] at 1. On January 6, Datex's in-house counsel emailed Plaintiff's counsel informing Plaintiff that they were in receipt of the subpoena and that, given the fact Plaintiff served the subpoena just before New Year's Day, their "ability to review and prepare a response" by January 6 was limited. [DE 1–10] at 3–4. Datex's counsel requested an extension to February 1, 2025, to have "sufficient time to review and respond appropriately." *Id*. at 4. Plaintiff responded saying it could give Datex an extra week but only if Datex began to produce some production of the documents on January 6. *Id.* at 2–3. Datex responded to Plaintiff on January 10 stating that they had recently learned that the discovery deadline in the underlying case closed on January 6, 2025, and that it appeared that "this matter has to be resolved between you and [Defendant]." *Id.* at 1. Indeed, the scheduling order in the underlying case set January 6, 2025, as "the last date to complete discovery" and the last date to "resol[ve] any discovery motions before the magistrate judge." [DE 12–2] at 1. On January 17, 2025, Plaintiff filed this Motion to compel Datex's compliance with the non-party subpoena.[2]

From the outset, Plaintiff's subpoena was unenforceable. First, Federal Rule of Civil Procedure 45(c)(2)(A), states that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). The

---

[2] Plaintiff initially filed this Motion in the Middle District of Florida on January 13, 2025. However, that court dismissed the action because the subpoena's listed place of compliance is in this District, not the Middle District of Florida. [DE 1] at 6 n.11.

subpoena commanded production in Miramar, Florida. [DE 1–8]. Datex regularly transacts business in person in Clearwater, Florida, which is about 280 miles from Miramar, Florida. *See* [DE 12–1] at 3. Thus, on its face, the subpoena violates Rule 45's 100-mile radius. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 628 (11th Cir. 2019).

Plaintiff argues that the 100-mile rule does not apply because attached to the end of the subpoena was the standard language from Rule 45 which states that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." Fed. R. Civ. P. 45(d)(2)(A). However, Plaintiff's argument misses the mark. The rule plainly states that the subpoena can only command production within 100 miles of where the entity regularly transacts business. Plaintiff's subpoena directs Datex to produce the responsive documents at "3076 N Commerce Pkwy Miramar, FL 33025." [DE 1–8] at 1. That location is more than 100 miles from where Datex regularly transacts business in Clearwater, Florida.

Second, the subpoena imposed an undue burden on Datex by requiring it to produce five broad categories of documents and communications spanning a five-month period within seven calendar days (amounting to four business days, given the New Year's Day holiday). That timeline is patently unreasonable. Although Rule 45 does not define what constitutes a reasonable time to comply, "generally, courts make the determination of reasonableness on a case-by-case basis, considering the factors at work in the given case." *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06-61231-DIMITROULEA, 2009 WL 197979, at *4 (S.D. Fla. Jan. 26, 2009); *see also Minor I Doe through Parent I Doe v. Sch. Bd. For Santa Rosa Cnty., Fla.*, No. 3:08CV361/MCR/EMT, 2009 WL 10674249, at *2. (N.D. Fla. Nov. 23, 2009). ("[C]ommon sense dictates that

3

reasonableness is determined in relation to the extent of the materials requested and other underlying circumstances in the case.").

Federal courts across the country have held that requiring a party to comply within a week of service is not reasonable. *See*, *e.g.*, *Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, No. 1:07-CV-956, 2009 WL 724001, at *1 (W.D. Mich. Mar. 10, 2009) ("Two business days, more or less, even with the intervening weekend, is not an adequate period of time to comply with a subpoena."); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (finding six days' notice "unreasonably short"); *Regueiro v. Am. Airlines, Inc.*, No. 19-CV-23965-JEM, 2022 WL 2359764, at *3 (S.D. Fla. May 19, 2022) (holding eight days' notice "did not afford the witnesses a reasonable time to comply with the *duces tecum* request").

Here, Plaintiff served the non-party subpoena on December 30, 2024, and commanded Datex to produce responsive documents on January 6, 2025, at 12:00 P.M. The subpoena requests documents responsive to "All documents that refer or relate to any communications, including emails, meeting notes, or internal and external communications, with, received from, or provided to TRAFFIC TECH from October 1, 2023 – March 1, 2024;" "All documents that refer or relate to IT support, contracts, payments, work orders, quotes, proposals, repairs, or any other documents related to technology or system services YOU provided to TRAFFIC TECH from October 1, 2023 – March 1, 2024," and three additional requests. [DE 1–8] at 3–4. Indeed, according to Datex's response, an initial query of Datex's email system alone identified more than 5,000 potentially responsive documents, which Datex would need to review and consider before responding (or objecting to) the subpoena. *See* [DE 12–1]. Considering the volume of requested documents and the relatively short production deadline (exacerbated by a major federal holiday that effectively

made that deadline even tighter), Plaintiff did not provide Datex with a reasonable amount of time to comply with its subpoena and thus imposed an undue burden.

Significantly, Rule 45(d)(1) requires that the party (and its attorney) "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). And, the court where compliance is required "must enforce this duty." *Id.* Thus, even without Datex lodging an objection by the production date or filing a timely motion to quash, Plaintiff had a duty to "take reasonable steps to avoid imposing undue burden" on Datex, and the Court has a duty to enforce this obligation.[3] Plaintiff failed to fulfill its duty here.

Moreover, it is apparent why Plaintiff set such an aggressive (and unreasonable) timeline for Datex to respond. The discovery deadline in the underlying case is January 6, 2025. Therefore, Plaintiff could not have set the deadline any later. Plaintiff's response to Datex's reasonable request for an extension of time to respond to the subpoena with objections or otherwise perfectly illustrates the unfortunate position Plaintiff put itself in. Plaintiff could agree to a reasonable extension of time to respond, or it could comply with the underlying discovery deadline, but not both.

Looking at this Court's local rules as guidance, as Plaintiff suggests in its Reply, Local Rule 26.1 states that "subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery

---

[3] Plaintiff's complaint that Datex did not lodge timely objections falls flat given the unreasonable deadline Plaintiff set. This deadline – again effectively less than a week given the time of year – did not even provide a reasonable amount of time to formulate objections or file a motion to quash. That said, by January 10, 2025, when Datex's in-house counsel responded to Plaintiff that it was not going to respond to the subpoena because the discovery period had closed, Datex arguably could have (and perhaps should have) filed a motion to quash.

5

. . . or move for a protective order." S.D. Fla. L.R. 26.1(d).  Setting the response deadline on the discovery cutoff date but without providing "sufficient time" to meet that deadline hardly complies with this rule.  This failure further illustrates why the focus here should be on the position Plaintiff put itself and Datex in, not on Datex's failure to respond or object.

Furthermore, as described above, the scheduling order in the underlying case not only made clear that discovery needed to be completed by January 6, 2025, but also that all discovery motions needed to be resolved by that day.  By (unreasonably) requiring Datex to respond by January 6, Plaintiff put itself in the position of being unable to seek court relief for any failure to respond until after the deadline to do so had passed.

In sum, Plaintiff's non-party subpoena is not enforceable because it violated Rule 45's 100-mile rule and imposed an undue burden by not providing Datex with a reasonable amount of time to respond to the subpoena.  Additionally, Plaintiff has sought court intervention after the deadline for doing so.  Therefore, Plaintiff's Motion is **DENIED**.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 30th day of January 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge